John J. Nelson (SBN 317598)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
280 S. Beverly Drive-Penthouse Suite
Beverly Hills, CA 90212
Telephone: (858) 209-6941
Email: jnelson@milberg.com

*Attorney for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TEA DATING ADVICE INC.,<br><br>Defendant. | Case No. 3:25-cv-6363<br><br>**PLAINTIFF JANE DOE'S ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM** |

Pursuant to Local Rule 7-11, Plaintiff Jane Doe respectfully moves this Court for an order allowing her to proceed under a pseudonym in this matter to protect her identity from public disclosure.

### **INTRODUCTION**

Plaintiff's sensitive private information was exposed in a data breach announced by Defendant Tea Dating Advice, Inc. ("Defendant")[1] on or about July 25, 2025 ("Data Breach"). Plaintiff brings this suit on behalf of herself and on behalf of other similarly situated individuals to address Defendant's inadequate safeguarding of Plaintiff's and Class Members' sensitive personal information that it collected and maintained, for failing to provide timely and adequate notice to Plaintiff and other Class Members that their sensitive personal information had been

---

[1] Pursuant to Local Rule 7-11, the Parties were unable to stipulate to the relief requested herein because Defendant has not yet appeared in this matter. *See* Declaration of John J. Nelson in Support of Plaintiff Jane Doe's Motion to Proceed Under Pseudonym at ¶3.

subject to the unauthorized access of an unknown third party, and failing to include in that belated and inadequate notice precisely what specific types of information were accessed and taken by cybercriminals.

Plaintiff is a woman who used Defendant's platform in order to avoid unsafe situations while dating. Now Plaintiff's sensitive private information – including, but not limited to, her name, address, phone number, and email address, picture, driver's license and payment, and financial account information, have been stolen in the Data Breach.

Moreover, upon information and belief, Plaintiff's private information has been leaked on 4chan, a notoriously anonymous imageboard website where users can post text and images. Known for its lack of moderation, 4chan has led to the spread of harmful content, including offensive material and extremist views. Plaintiff now fears that her name being associated with a public filing will subject her to online and in-person abuse and harassment.

Therefore, an order allowing Plaintiff to proceed under the pseudonym Jane Doe is warranted given the potential risks to her in proceeding publicly. Furthermore, permitting Plaintiff to proceed under pseudonym will not prejudice Defendant. Plaintiff is willing to disclose her identity to Defendant's counsel who appear, as needed, to resolve the issues in this case.[2] However, public disclosure of Plaintiff's identity is neither necessary nor warranted and could lead to her being subjected to harassment and harm.

## ARGUMENT

### I.     PLAINTIFF SHOULD BE PERMITTED TO PROCEED UNDER PSEUDONYM

Although Rule 10(a) of the Federal Rules of Civil Procedure generally requires complaints to include the name of all parties, it is well-established that federal courts have discretion to permit parties to proceed under pseudonyms "when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (collecting cases). The law is well-settled that parties to litigation may proceed using a pseudonym with leave of the court.

---

[2] Plaintiff intends to seek a protective order before disclosing identifying information to counsel for Defendant.

*See, e.g., Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290, 294 n.1 (2000) (noting that the district court had permitted the plaintiffs "to litigate anonymously to protect them from intimidation or harassment"). As this Court has explained, "[i]n this circuit, parties may use pseudonyms in unusual cases when nondisclosure of the party's identity is necessary 'to protect a person from harassment, injury, ridicule or personal embarrassment.'" *K.H.B. ex. rel K.D.B. v. UnitedHealthcare Ins. Co.*, No. C18-04175 WHA, 2018 WL 4053457, at *1 (N.D. Cal. Aug. 24, 2018) (quoting Advanced Textile, 214 F.3d at 1067–68*); see also Balance Studio, Inc. v. Cybernet Entm't, LLC*, 204 F. Supp. 3d 1098, 1100–01 (N.D. Cal. 2016) (observing that a party can proceed anonymously where "anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature"). Courts in the Ninth Circuit analyze a request to proceed under a pseudonym or anonymously by asking whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1-68. Consistent with *Advanced Textile* and other Ninth Circuit precedent, courts in this district regularly permit parties to proceed pseudonymously or even anonymously when sensitive issues are relevant to the litigation.[3]

Plaintiff should be permitted to proceed under a pseudonym. As explained herein and in the accompanying complaint, Plaintiff is a victim of the Data Breach whose sensitive personal information has been exposed publicly and now faces an increased risk of harassment and harm. Plaintiff seeks to proceed under pseudonym because she fears being targeted as a result of the Data Breach and her name being associated with a public filing.

Thus, given the risk of harm to Plaintiff if her identity is revealed to the public, Plaintiff should be permitted to proceed under a pseudonym because her "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1-68. Publicly disclosing Plaintiff's identity during this case could

---

[3] *See, e.g., Doe v. Mt. Diablo Unified Sch. Dist.*, No. 18-CV-02589-JSC, 2018 WL 2317804, at *2 (N.D. Cal. May 22, 2018); *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011).

lead her to be subjected to targeted abuse. Thus, nondisclosure of Plaintiff's identity is necessary to protect her from "'harassment, injury, ridicule or personal embarrassment.'" *K.H.B. ex. rel K.D.B.*, No. C18-04175 WHA, 2018 WL 4053457, at *1 (quoting *Advanced Textile*, 214 F.3d at 1067–68).

Additionally, Defendant will not suffer prejudice if the Court allows Plaintiff to proceed under a pseudonym. While, Plaintiff intends to seek a protective order before disclosing identifying information to counsel for Defendant, once such protection is in place, Plaintiff is willing to disclose their identity to Defense counsel who appear in this case (and this Court), as needed. Plaintiff asks only to keep their identity private from the public for her safety.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and permit them to proceed under pseudonym.

Dated: July 31, 2025                          Respectfully submitted,

                                                  John J. Nelson (SBN 317598)
                                                  **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
                                                  280 S. Beverly Drive-Penthouse Suite
                                                  Beverly Hills, CA 90212
                                                  Telephone: (858) 209-6941
                                                  Email: jnelson@milberg.com

                                                  *Attorney for Plaintiff and the Putative Class*