United States District Court
Northern District of California

1

2

3

4                                 UNITED STATES DISTRICT COURT

5                                NORTHERN DISTRICT OF CALIFORNIA

6

7     GRISELDA REYES, et al.,                          Case No. 25-cv-06321-WHO

8                        Plaintiffs,

9            v.                                         **ORDER GRANTING MOTION TO
                                                        CONSOLIDATE AND SETTING
10    TEA DATING ADVICE, INC.,                          BRIEFING SCHEDULE**

                         Defendant.                     Re: Dkt. No. 18
11

12
      This Order Relates to the following cases:
13
      25-cv-06321-WHO; 25-cv-06325-WHO;
14    25-cv-06336-WHO; 25-cv-06363-WHO;
      25-cv-06376-WHO; 25-cv-06433-WHO;
15    25-cv-06445-WHO; 25-cv-06457-WHO;
      25-cv-06538-WHO; 25-cv-06559-WHO;
16    25cv-06691-WHO; 25-cv-06722-WHO

17          Plaintiff in Case No. 25-6325 moves to consolidate these 12 cases under Rule 42.  Dkt. No.

18   18.[1]  The motion is not opposed by any plaintiff in the other cases, and is supported by defendant

19   Tea Dating Advice, Inc. ("Tea") who is a defendant in all twelve cases.[2]  X-Corp, who is a

20   defendant only in one case (Case No. 25-cv-06325-WHO), opposes consolidation.  Dkt. No, 28.

21   X-Corp argues that consolidation of 25-cv-06325 along with the 11 other cases where it is not a

22   defendant will cause it prejudice and delay.

23          The motion to consolidate is GRANTED.   There is no cognizable prejudice to X-Corp.

24   from consolidation.  I will consider a separate schedule or other appropriate measures to ensure X-

25

26

27   [1] This matter is appropriate for resolution on the papers. The September 17, 2025 argument is
     VACATED.  Civ. L.R. 7-1(b).

28   [2] Tea preserves its right to oppose class treatment and to move to sever for trial. Dkt. No. 32.

United States District Court
Northern District of California

1    Corp. is able to move swiftly to test the allegations asserted against it.

2    The unopposed motion to set a briefing schedule to appoint interim class counsel is also

3    GRANTED.  Individual or joint applications for the appointment of Plaintiffs' Interim Lead

4    Counsel pursuant to Fed. R. Civ. P. 23(g) shall be filed no later than **September 16, 2025**.

5    Responsive briefs may be filed no later than **September 23, 2025**.  No other briefs are allowed.

6    **A hearing on the applications for appointment as Plaintiffs' Interim Lead Counsel is**

7    **set for October 8, 2025 at 2:00 p.m**.  At that time, I will consider the schedule for filing a

8    Consolidated Complaint and other pertinent case management issues, including any suggestions

9    raised by the applicants for Plaintiffs' Interim Lead Counsel.

10    **IT IS ORDERED**:

11    1.    The above-captioned cases, and any other action arising out of the same or similar

12    operative facts now pending or hereafter filed in, removed to or transferred to this District, shall be

13    consolidated for pre-trial purposes pursuant to Fed. R. Civ. P. 42(a) (the "Consolidated Action").

14    2.    All papers in the Consolidated Action shall be filed under Case No. 25-cv-06321-

15    WHO and shall bear the following caption: IN RE: TEA DATING ADVICE DATA BREACH

16    LITIGATION.

17    3.    The case file for the Consolidated Action will be maintained under Master File No.

18    25-cv-06321-WHO.  When a pleading is intended to apply to all actions to which this order

19    applies, the words "All Actions" shall appear immediately after the words "This Document

20    Relates To:" in the caption described above. When a pleading is not intended to apply to all

21    actions, the docket number for each individual action to which the paper is intended to apply and

22    the last name of the first-named plaintiff in said action shall appear immediately after the words

23    "This Document Relates To:" in the caption identified above.

24    4.    Any action subsequently filed, transferred or removed to this Court that arises out

25    of the same or similar operative facts as the Consolidated Action will be consolidated with it for

26    pre-trial purposes. The parties shall file a Notice of Related Action pursuant to N.D. Cal. L.R. 3-

27    12 whenever a case that should be consolidated into this action is filed in, or transferred to, this

28    District. If the Court determines that the case is related, the clerk shall:

<div style="writing-mode: vertical">United States District Court<br>Northern District of California</div>

1      a.     place a copy of this order in the separate file for such action;

2      b.     serve on Plaintiffs' counsel in the new case a copy of this order;

3      c.     direct that this order be served upon defendants in the new case; and

4      d.     make the appropriate entry in the Master Docket.

5      5.     The Clerk of Court is directed to administratively terminate the following cases:

*Doe v. Tea Dating Advice, Inc.*, et al., No. 25-cv-06325, *Doe II v. Tea Dating Advice, Inc.*, No. 25-cv-06336, *Doe v. Tea Dating Advice, Inc.*, No. 25-cv-06363, *Jones v. Tea Dating Advice, Inc.*, No. 25-cv-06376, *Doe v. Tea Dating Advice, Inc.*, No. 25-cv-06433, *Brown v. Tea Dating Advice, Inc.*, No. 25-cv-06445, *Doe v. Tea Dating Advice, Inc.*, No. 25-cv-06457, *Stevens v. Tea Dating Advice, Inc.*, No. 25-cv-06538, *Doe v. Tea Dating Advice, Inc.*, No. 25-cv-06559, *Vargas v. Tea Dating Advice Inc.*, 25-cv-06691-WHO, and *Korennikova v. Tea Dating Advice, Inc.*, 25-cv-06722-WHO.

**IT IS SO ORDERED.**

Dated: September 9, 2025



William H. Orrick
United States District Judge

3